Stanley A. **RODOWICZ**, et al.,
**Plaintiffs, Appellants,**

v.

**MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, et. al.,**
**Defendants, Appellees.**

Stanley A. Rodowicz, et Al., Plaintiffs,

v.

Massachusetts Mutual Life Insurance Company, et al., Defendants.

**Nos. 98–1654, 98–1690.**

United States Court of Appeals,
First Circuit.

Entered Nov. 3, 1999.

Before: CAMPBELL, Senior Circuit Judge, and BOUDIN, Circuit Judge.[1]

MEMORANDUM AND ORDER

Defendant-appellees Massachusetts Mutual Life Insurance Company and Massachusetts Mutual Voluntary Termination Program's (collectively, "MassMutual") petition for panel rehearing is denied.

There is no merit in their argument that our decision rests upon a mistaken finding of fact as to the timing of MassMutual's consideration of a reduction in force. We stated on page 6 that "Susan Alfano, Senior Vice–President in Charge of Human Resources, gathered data [concerning the costs and savings from a workforce reduction] from the Company's outside employee benefits consultants. Between March and September, 1992, Alfano thoroughly analyzed the costs and benefits of a reduction in force." That statement merely paraphrases, accurately, the district court's own published and supported assertion that Alfano's "analysis [of costs and benefits] occurred in the months between March and September 1992." *See Rodowicz v. Massachusetts Mut. Life Ins. Co.*, 3 F.Supp.2d at 1485, 1481 (D.Mass.1998). For reasons set forth in our opinion, we are also satisfied that factual issues, precluding summary judgment, exist on the present record as to whether three of the plaintiffs could rely on certain statements alleged to have been made by MassMutual personnel. We have been careful to point out that nothing in our current disposition is intended as a final word on these matters.

MassMutual makes a more convincing point regarding the standard by which this court reviews the district court's determination that the termination program was not an ERISA "plan." After giving this matter further thought, the panel believes that the standard of review in the circumstances is de novo rather than clear error. Accordingly, we have modified our opinion in the manner set out in the attached errata sheet.

While we are persuaded that the standard of review in the present circumstances is de novo, the alteration in review standard does not alter the outcome of the

1. Judge Aldrich, who sat on the panel that heard the appeal and participated in the initial opinion, did not participate in this Memorandum and Order, having ceased to sit as a judge in matters pending before this court. *See* 28 U.S.C. § 46(d).

case. Reviewing the record in what is undoubtedly a fairly close case, we are satisfied that the voluntary termination program was not a "plan" within the meaning of ERISA.

Subject to the changes set forth in the attached errata sheet, the petition for panel rehearing is DENIED.